IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MELVIN GARCIA # 01403-748**                                                                           **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 1:17cv26-LG-RHW**

**FLOYD SPOTTS,** *et al.*                                                                           **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [47] the March 12, 2018 motion for summary judgment filed by Defendants Floyd Spotts, Kerwin Blount, and Pease Sumrall, Jr., in this prisoner civil rights lawsuit filed under 42 U.S.C. § 1983. Movants assert they are entitled to summary judgment based on Eleventh Amendment immunity, state law immunity and qualified immunity. Plaintiff filed his response[1] to the motion March 27, 2018. [50] Movants filed no reply and the matter is now ripe for ruling.

### Facts and Procedural History

Melvin Garcia is a federal inmate presently incarcerated at the Federal Correctional Institution in Fairton, New Jersey; he was in the U.S. Penitentiary in Terre Haute, Indiana when he filed this lawsuit. The Bureau of Prisons web site shows his release date is February 23, 2025. The moving Defendants are Mississippi Department of Corrections (MDOC) employees at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. Captain Floyd Spotts is alleged to be a Correctional Officer-Supervisor, and Kerwin Blount and Pease Sumrall, Jr., Correctional Officers(COs).[2]

---

[1] Plaintiff filed this document as a motion to amend, which the Court denied, but the Court recognized that the document appears to be a response to the summary judgment and considers it as such.

[2] Defendants Sergeant Angela Stockstill, CO Danny Woodard and CO Unknown Hubbard (who was not named as a defendant in the original complaint), have not answered the complaint and are not involved in the present motion.

Garcia filed this lawsuit February 1, 2017, and amended the complaint October 2, 2017. He originally alleged violation of his constitutional rights from an incident which occurred on June 16, 2015 while he was housed at SMCI. Garcia got into a verbal confrontation with a fellow inmate (Lee) who refused to deliver tobacco for which Garcia claims to have paid $150. Garcia alleges CO Hubbard, "a 'known associate' and 'accomplice' of inmate Lee in the smuggling and distribution of contraband," heard Garcia's argument with Lee, and at Lee's request, Hubbard opened the unit cell door allowing Lee access to Garcia "so (Lee) could 'bust this yankee's head.'" According to Garcia, Lee was visibly armed with a piece of steel rebar at the time, and he used it to assault Garcia. Other inmates intervened, disarmed and restrained Lee, and CO Woodard entered and took Lee out of the housing unit. Garcia states that, after speaking with CO Hubbard and inmate Lee, CO Woodard accused Garcia of "accidentally striking him in the head during the melee involving inmate Lee."

Woodard and Hubbard ordered all inmates to their cells and summoned Captain Spotts, who arrived accompanied by CO Blount. Garcia alleges Spotts yelled at him, had him strip-searched, placed him in wrist restraints and dragged him from his cell to Spotts' office. Garcia claims that, after removing the restraints, Spotts and Blount assaulted him for 15-20 minutes, striking him about the head and face and kicking his body. Spotts then had Garcia handcuffed and taken to the medical clinic, where Garcia claims he remained, handcuffed behind his back, for several hours before being examined. He states he got nine stitches for a cut near his eye, and four metal staples for injuries to the top of his head. Garcia alleges violation of his Eighth Amendment rights by Spotts and Blount for assaulting him (excessive force), and bystander liability against Woodard for not intervening to stop the assault by the officers.

Garcia's amended complaint [34], filed October 24, 2017, added allegations against Defendants Stockstill and Sumrall, for a July 14, 2015 incident which occurred when Garcia was en route to see Stockstill about the disciplinary hearing Stockstill was conducting regarding the June incident. Sumrall was operating the security booth that day, and when he opened the door, inmate Lee rushed over and hit Garcia with a food tray, then Stockstill pepper sprayed him. Garcia claims Sumrall and Stockstill were deliberately indifferent to his safety, and caused him to sustain additional injuries by the same assailant whom they "knew or should have known" would attack Garcia again, given the opportunity. In the amended complaint, Garcia also added "state law claims," asserting that under Mississippi state law, the acts/omissions of Spotts, Blount and Stockstill constitute assault and battery and excessive force; those of Hubbard and Sumrall constitute negligence, reckless disregard, or deliberate indifference; and Woodard has bystander liability for acts/omissions constituting negligence and dereliction of official duty.

<u>Summary Judgment Standard</u>

Rule 56, FED.R.CIV.P., requires that summary judgment be granted if the movant shows there is no genuine dispute as to any material fact and he is entitled to a judgment as a matter of law. A material fact is one that might affect the outcome of the suit under governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the evidence and draws reasonable inferences most favorable to the non-moving party on a motion for summary judgment. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005). The burden of proof at the summary judgment stage rests on the party who has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). One moving for summary judgment must identify those portions of the pleadings and discovery on file and

any affidavits which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. Once the movant carries his burden, the non-movant must show summary judgment should not be granted. The non-movant cannot meet his burden by resting upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). *See also*, *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir.2010). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Johnson v. Bernstein*, 547 F. App'x 412, 413 (5th Cir. 2013) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Sovereign Immunity

Movants first urge that sovereign immunity entitles them to dismissal of Garcia's official capacity claims against them. The Eleventh Amendment to the United States Constitution bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. U.S. Const. Amend. XI; *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, (1999). Mississippi has not waived its sovereign immunity. MISS. CODE ANN. § 11-46-5(4) ("Nothing contained in this

chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Eleventh Amendment immunity from suit for monetary damages protects not only the state, but also state agencies deemed to be "an arm of the state," and employees of such agencies' who are sued in their official capacities. See *American Bank and Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989), ("suit against a state official in his or her official capacity ... is no different from a suit against the State itself.")) The Mississippi Department of Corrections is considered an arm of the State of Mississippi, and is protected from suit by the Eleventh Amendment. *See Williams v. Mississippi Dept. of Corrections*, 2012 WL 2052101, at *1-2 (S.D. Miss. 2012); *Dandridge v. Mississippi*, 2009 WL 4940105, at *7 (S.D. Miss. 2009). Since it is undisputed that Spotts, Blount and Sumrall are employees of the MDOC, and thus of the State of Mississippi, they are entitled to sovereign immunity from Garcia's § 1983 monetary damage claims against them in their official capacities. To the extent that Garcia has sued Spotts, Blount and Sumrall in their official capacities,[3] the undersigned recommends dismissal of those claims.

### State Law Immunity

Movants contend the inmate exception of the Mississippi Tort Claims Act (MTCA), MISS. CODE ANN. § 11-46-9(1)(m), entitles them to immunity from Garcia's state law claims – assault and battery/excessive force against Spotts and Blount; and negligence, reckless disregard, or deliberate indifference as to Sumrall. The statute provides that government employees acting within the course and scope of their employment or duties shall not be liable for any claim:

---

[3] The amended complaint indicates Garcia sued Spotts, Blount and Sumrall "solely in their individual capacity" for the constitutional violations. [34, ¶¶ 31, 39]

>   (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed;

MISS. CODE ANN. § 11-46-9(1)(m).  The MTCA further provides there is a "rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." Miss. Code Ann. § 11-46-7(7). Since it is undisputed that Garcia was a prison inmate at the time of the incidents of which he complains, and that Spotts, Blount and Sumrall were state employees at the prison, the undersigned finds state law immunity precludes Garcia's state law claims against Spotts, Blount and Sumrall, and recommends that those claims be dismissed.

## Qualified Immunity

Sumrall claims he is entitled to dismissal of all Garcia's claims against him under the doctrine of qualified immunity.  While 42 U.S.C. § 1983 provides for liability of a person acting under color of state law who deprives another of federally protected rights, the statute does not create a cause of action; it simply affords a remedy to those who, as a result of state action, are deprived of rights, privileges, or immunities secured by the Constitution and the laws of the United States.  *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).  "Section 1983 is not a federally created tort statute."  *Coughhorn v. Jackson County*, 2006 WL 3197855 (S.D. Miss. Nov. 2, 2006).

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  "The doctrine of qualified immunity protects government

officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id*. "When properly applied, [qualified immunity] protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2074 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In resolving a qualified immunity claim, the Court must decide whether the facts alleged show the officer's conduct violated a constitutional right and whether the right was "clearly established" at the time of its alleged violation. Garcia was required to allege facts sufficient to demonstrate that no reasonable officer could have believed Sumrall's actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994); *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Garcia's pleadings, liberally construed, assert Sumrall failed to protect Garcia from attack by inmate Lee. The facts alleged against Sumrall are that he was operating the security booth; he opened the door; and he "knew or should have known" Lee would attack Garcia. The facts alleged, taken as true, do not show violation of a constitutional right. The language Garcia uses ("knew or should have known") sounds in negligence, but "negligence claims are not cognizable" under § 1983. *Todd v. Burns*, 95 Fed. Appx. 83 (5th Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998)). Garcia assumes, but has presented no evidence that Sumrall was aware of an excessive risk to Garcia's safety and deliberately disregarded it; this does not suffice to establish a constitutional failure to protect claim. Garcia was required to show "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998). *See also Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995) (quoting *Farmer v. Brennan*,

511 U.S. 825, 837 (1994)).  Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  And negligent failure to protect an inmate does not rise to the level of a constitutional violation and is not actionable under § 1983. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670 (1986); *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001).

Sumrall is not required to demonstrate that he did not violate Garcia's clearly established federal rights.  *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997).  Rather, Garcia has the burden to negate the qualified immunity defense.  *Id.*; *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (holding officials entitled to qualified immunity on summary judgment unless Plaintiff has brought forth evidence showing a genuine issue of material fact that the officer's conduct violated a constitutional right and that the officer's actions were objectively unreasonable in light of clearly established law).  The undersigned finds Garcia's assumptions and conclusory allegations insufficient to rebut the Sumrall's qualified immunity defense.

## RECOMMENDATION

The undersigned recommends that the motion for summary judgment be granted and that: (1) Garcia's official capacity claims against Spotts, Blount and Sumrall be dismissed as barred by sovereign immunity; (2) Garcia's state law claims against Spotts, Blount and Sumrall be dismissed as barred by state law immunity; and (3) Garcia's claims against Sumrall be dismissed pursuant to qualified immunity, leaving only Garcia's excessive force claims against Spotts and Blount to proceed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his

written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Signed, this the 24th day of September, 2018.

                                        /s/ *Robert H. Walker*
                                        ROBERT H. WALKER
                                        UNITED STATES MAGISTRATE JUDGE